IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA

CHARLESTON DIVISION

VICTORIA LYNN JOHNSON,

          Plaintiff,

v.                                         CIVIL ACTION NO.  2:24-cv-00600

MICHELLE A. KING,
*Acting Commissioner for the Social Security Administration,*

          Defendant.

**MEMORANDUM OPINION AND ORDER**

Pending before the Court is Victoria Lynn Johnson's ("Claimant") Complaint seeking review of the final decision of the Commissioner of Social Security, Frank Bisignano [1] ("Commissioner").  (ECF No. 1.)  By Standing Order, this action was referred to United States Magistrate Judge Joseph K. Reeder ("Magistrate Judge") for submission of proposed findings and a recommendation ("PF&R").  (ECF No. 2.)

Magistrate Judge Reeder filed his PF&R on May 10, 2024, (ECF No. 7), recommending that this Court reverse the decision of the commissioner, grant Claimant's motion for remand, (ECF No. 4), deny the Commissioner's motion for judgment on the pleadings, (ECF No. 5), and dismiss this action from the Court's docket.  (ECF No. 7 at 16.)

The Court is not required to review, under a de novo or any other standard, the factual or legal conclusions of the magistrate judge as to those portions of the findings or recommendation

---

[1] While Leland Dudek was the Acting Commissioner of Social Security when Claimant commenced this action, Frank Bisignano became the Commissioner on May 7, 2025.  Commissioner Bisignano is automatically substituted as the defendant in this action.  Fed. R. Civ. P. 25.

to which no objections are addressed. *Thomas v. Arn*, 474 U.S. 140, 150 (1985). Failure to file timely objections constitutes a waiver of de novo review and the Petitioner's right to appeal this Court's Order. 28 U.S.C. § 636(b)(1); *see also Snyder v. Ridenour*, 889 F.2d 1363, 1366 (4th Cir. 1989); *United States v. Schronce*, 727 F.2d 91, 94 (4th Cir. 1984). In addition, this Court need not conduct a de novo review when a party "makes general and conclusory objections that do not direct the Court to a specific error in the magistrate's proposed findings and recommendations." *Orpiano v. Johnson,* 687 F.2d 44, 47 (4th Cir. 1982).

Objections to the PF&R were due on September 4, 2025. (ECF No. 7.) To date, no objections have been filed.

Accordingly, the Court **ADOPTS** the PF&R, (ECF No. 7), **DENIES** the Commissioner's motion, (ECF No. 5), **GRANTS** Claimant's motion with respect to remand, (ECF No. 4), **REVERSES AND REMANDS** the case pursuant to sentence four of 42 U.S.C. § 405(g), and **DISMISSES** this matter **WITH PREJUDICE**. The Clerk is **DIRECTED** to remove this case from the active docket of this Court.

**IT IS SO ORDERED.**

The Court **DIRECTS** the Clerk to send a copy of this Order to counsel of record and any unrepresented party.

ENTER:     October 1, 2025

THOMAS E. JOHNSTON
UNITED STATES DISTRICT JUDGE

2